IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAWRENCE S. KIRSCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 12-cv-6966 |
| | ) |
| BRIGHTSTAR CORP., | ) |
| | ) |
| | ) |
| Defendant. | ) |

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR BREACH OF CONTRACT**

   Defendant, Brightstar Corp. ("Brightstar"), by and through its attorneys, Edwards Wildman Palmer LLP, respectfully moves this Court pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the Complaint for Breach of Contract filed by Plaintiff Lawrence S. Kirsch ("Plaintiff"), as Shareholders' Representative of Lawrence S. Kirsch, Charles W. Kriete, Michael J. Chase, and George Puszka (collectively, the "Shareholders"). In support of its motion, Brightstar states as follows:

   1. Brightstar bought Plaintiff's former company, OTBT, Inc. ("OTBT") in 2010, and the parties executed the Stock Purchase Agreement ("Agreement") that is the subject of this litigation in connection with that transaction.

   2. Plaintiff wants this Court to order that Brightstar and all of its Affiliates—a long-standing, well-established, multi-billion dollar group of companies—were barred by the Agreement from competing with OTBT, Inc. ("OTBT") anywhere in the world and that Brightstar was required to rework its existing business to route all sales from its global network through OTBT so Plaintiff could lay claim to a piece of the profit—to which neither he nor his former company contributed.

3. Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), because the unambiguous terms of the Agreement contradict Plaintiff's allegations. Nothing in the Agreement prohibits Brightstar from competing with, or requires Brightstar to re-route its global business through OTBT.

4. Moreover, Plaintiff's conclusory allegations fail to pass muster even under notice pleadings standards. For example, Plaintiff does not allege with specificity what legitimate interests would have been protected by the supposed non-compete, what products and services he believes were improperly sold through what entities other than OTBT, or the basis for this purported belief.

5. The unambiguous terms of Section 2.1(c)(i) of the Agreement require only that Brightstar and its Affiliates refrain from diverting OTBT's sales to another Brightstar entity; something Brightstar is not alleged to have done. Because the Agreement does not obligate Brightstar to re-route its existing business through OTBT, Brightstar did not breach the contract by allegedly failing to do so. Plaintiff's contrary allegations cannot overcome the plain language of the Agreement, and therefore, Plaintiff's Complaint should be dismissed. Moreover, because the language of the Agreement makes clear Plaintiff can never state a claim, the dismissal should be with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).

6. Pursuant to the Court's standing order on Motion Practice, Brightstar has made a sincere effort to resolve issues relating to this motion with Plaintiff. On December 7, 2012, Brightstar's counsel spoke with Plaintiff's counsel via telephone regarding this motion, and on December 10, 2012, Brightstar's counsel sent Plaintiff's counsel a letter summarizing the legal and factual grounds for this motion.

7. For the foregoing reasons, and for the reasons set forth in the accompanying Memorandum of Law in Support of Brightstar's Motion to Dismiss Plaintiff's Complaint for Breach of Contract, Plaintiff's Complaint should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

WHEREFORE, Defendant Brightstar Corp. respectfully requests that the Court dismiss Plaintiff's Complaint for Breach of Contract with prejudice, in its entirety, pursuant to Fed. R. Civ. P. 12(b)(6).

Dated: December 12, 2012

Respectfully Submitted,

**BRIGHTSTAR CORP.**

By: /s/ Elizabeth A. Peters
 One of Their Attorneys

Mark L. Durbin
mdurbin@edwardswildman.com
Elizabeth A. Peters
epeters@edwardswildman.com
EDWARDS WILDMAN PALMER LLP
225 W. Wacker Dr., Suite 2800
Chicago, IL 60606
(312) 201-2644
Fax: (312) 201-2555

**CERTIFICATE OF SERVICE**

Elizabeth A. Peters, an attorney, hereby certifies that on December 12, 2012 a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court for the Northern District of Illinois using the CM/ECF system, and was thereby served by e-mail notification upon all parties of record, including the following:

Margaret A. Gisch, Esq.
magisch@golanchristie.com
Matthew C. Wasserman, Esq.
mcwasserman@golanchristie.com
Ashley L. Orler
alorler@golanchristie.com
GOLAN & CHRISTIE LLP
70 West Madison Street, Suite 1500
Chicago, IL 60602
(312) 263-2300

                /s/ Elizabeth A. Peters